97 F.3d 1462
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wayne R. NAPLIN, Defendant-Appellant.
 No. 96-35177.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 10, 1996.*
Decided Sept. 12, 1996.
 
 Before: FLETCHER, BRUNETTI and JOHN T. NOONAN, Jr., Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Wayne R. Naplin, a federal prisoner, appeals the district court's denial of his 28 U.S.C. § 2255 motion challenging his criminal conviction on double jeopardy grounds. We affirm.
 
 
 3
 Naplin contends that his conviction violated the Double Jeopardy Clause because he had already been punished for the same conduct through prior federal civil forfeiture proceedings. This contention is foreclosed by United States v. Ursery, 116 S.Ct. 2135 (1996).
 
 
 4
 Naplin next contends that his conviction violated the Double Jeopardy Clause based on prior state forfeiture proceedings. He argues that the dual sovereignty doctrine does not preclude his double jeopardy claim because the federal government was a tool for the state. See Bartkus v. Illinois, 359 U.S. 121, 123-24 (1959). We disagree. "Close coordination between state and federal authorities, including the employment of agents of one sovereign to help the other sovereign in its prosecution, does not implicate the Double Jeopardy Clause." See United States v. Real Property Located in El Dorado County at 6380 Little Canyon Road, 59 F.3d 974, 987 (9th Cir.1995) (internal quotations and citations omitted). Nor does the state's possible pecuniary interest in the federal forfeiture proceeding transform the federal government into a tool of the state. Id. Accordingly, we affirm the district court's denial of Naplin's section 2255 motion.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we affirm the district court's denial of Naplin's motion under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal